No. 12.—John W. H. Mitchell, administrator *de bonis non*, &c., plaintiff in error, *vs.* John B. Lacy, defendant in error.

If the answer to a bill for mere *discovery*, be read to the jury by the defendant in that bill, against the consent of the plaintiff in the bill, and the case goes against the plaintiff in the bill, a new trial ought to be granted.

In Equity, from Thomas Superior Court. Tried before Judge Love, December Term, 1856.

John B. Lacy filed his bill against Enen McLane, executor of the last will and testament of Thomas J. Johnson, deceased, which McLane answered, and filed a cross bill, which

Lacy answered. The cross bill was for discovery only, and sought no relief.

McLane dying, Mitchell became administrator, *de bonis non,* with the will annexed, of Johnson.

At December Term, 1856, the case came on for trial. The original bill, with the amendments, was read, and the answer thereto; complainant's counsel then called for the reading of the cross bill, and the answer thereto. Counsel for defendant Mitchell objected, claiming that the cross bill and answer thereto was the defence and evidence of defendant, and that the same should not be heard until complainant had introduced his testimony: The Court allowed the answer to the cross bill to be read, as part of the pleading, it having been agreed upon by the parties, that the bills were to be tried together. To which decision counsel for defendant excepted.

The testimony on both sides having been submitted, the jury under the charge, found for the plaintiff, and counsel for defendant moved for a new trial, principally on the ground above excepted to.

The Court overruled the motion, and refused a new trial, and counsel for defendant excepted and assigns error.

Rockwell and Cole, for plaintiff in error.

Seward & Hansell, represented by Iverson L. Harris, for defendant in error.

*By the Court.*—Benning J. delivering the opinion.

The answer to a bill for discovery cannot be used by defendant in the bill, as a matter of *evidence* for himself; a person cannot make his own sayings evidence for himself.

Neither can the answer to such a bill, be used by either party before the jury, as a matter of *pleading;* such a bill presents to a jury nothing for trial: no issue is, or can be, made on it; no decree, rendered on it.

Mitchell, adm'r vs. Lacy.

In the present case, the defendant read to the jury his own answer to the cross bill. This he had no right to do, if the above propositions are true.

But it is insisted, that he had the *consent* of the defendant, to the act of reading the answer to the jury.

This consent, however, had been withdrawn before the reading was begun. The plaintiff in the cross bill, before the answer to that bill was read by the defendant to that bill, *objected* to its being read. And the consent was such a one as might be withdrawn at any time. It was not a consent that the answer of the defendant might be read by him, as *evidence*, but as *pleading;* and the reading of it to the jury as pleading, would have been *useless.* Any consent that cannot be of use to the person to whom it is given, may be withdrawn at any time; for in such a case, the withdrawal of the consent cannot hurt him.

The defendant then did not, from consent, acquire the right to read his answer to the jury.

It follows that he had no right to read it to the jury.

Did his reading of it to the jury, do the other party any harm? It is impossible to say that it did not. True, it seems that he read it as a part of the pleading; but then it was wholly useless as a part of the pleading; and, being before the jury, it might have been treated by them as a part of the *evidence.* That was the only use to which they could put it. It does not appear that they were charged by the Court to disregard it as evidence.

It is therefore the part of safety, to let the case be passed upon by a jury that has not seen this answer. The defendant in the bill has no right to complain. He would read *the* answer, regardless of the objection of the plaintiff.

There ought to be a new trial.

Judgment reversed